**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CASTLEMORTON WIRELESS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>NOKIA OF AMERICA CORPORATION,<br><br>*Defendants.* | **Civil Action No. 6:20-cv-00037-ADA**<br>**JURY TRIAL DEMANDED** |

## NOKIA OF AMERICA CORPORATION'S ANSWER

Defendant Nokia of America Corporation ("Nokia") provides its Answer and Defenses to the Complaint filed by Plaintiff Castlemorton Wireless, LLC ("Castlemorton") ("Complaint") (Dkt. No. 1).

## INTRODUCTION

1.      Nokia denies the allegation that "[t]his case arises from Nokia's infringement of the '421 patent." Nokia admits that the '421 patent appears to claim priority to United Kingdom Patent App. No. 8300076, dated January 4, 1983. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 1.

2.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

## THE PARTIES

### Castlemorton Wireless, LLC

9.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

### Nokia Defendants

11.      Nokia Corporation has been dismissed from the case.  Nevertheless, Nokia admits that Nokia Corp. is a company organized under the laws of Finland, with a place of business at Karakaari 7, 02610 Espoo, Finland. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 11.

12.      Nokia admits that Nokia of America Corporation is a Delaware corporation with its principal place of business at 600 Mountain Avenue, Murray Hill, New Jersey 07974. Nokia further admits that Nokia of America Corporation has a registered agent, Prentice Hall

Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Nokia of America Corporation further admits that it is registered to do business in the State of Texas and has been since at least December 29, 1995. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 12.

13.     Denied.

14.     Nokia Solutions and Networks Oy has been dismissed from the case. Nevertheless, Nokia admits that Nokia Solutions and Networks Oy is a corporation organized and existing under the laws of Finland, that it is registered to do business in the State of Texas, and that it has a registered agent, Corporation Service Company *d/b/a* CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 14.

15.     Nokia denies that it conducts business operations at 12515 Research Blvd., Building 5, Austin, Texas 78759 but admits that it conducts business in the Western District of Texas. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 15.

## JURISDICTION AND VENUE

16.     Nokia admits the Complaint purports to bring an action under the patent laws of the United States, Title 35 of the United States Code, but denies that Castlemorton is entitled to any relief. Nokia admits that this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Nokia denies any remaining allegations of paragraph 16.

17.     Nokia does not contest that it is subject to the Court's personal jurisdiction for the purposes of this particular action only. Nokia denies that any of its products, systems, or

services infringe the Asserted Patent. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 17.

18.     Nokia admits, for this case only, that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Nokia admits that it has offices in the State of Texas and that it has transacted business in the Western District of Texas but denies that Nokia has committed infringing acts in this district or elsewhere in the United States. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 18.

## THE '421 PATENT

19.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.     To the extent the allegations of paragraph 24 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.     To the extent the allegations of paragraph 25 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.     To the extent the allegations of paragraph 26 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.     To the extent the allegations of paragraph 27 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.     To the extent the allegations of paragraph 28 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     To the extent the allegations of paragraph 29 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.     To the extent the allegations of paragraph 30 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.      To the extent the allegations of paragraph 31 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.      To the extent the allegations of paragraph 34 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.      Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.      To the extent the allegations of paragraph 36 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.      To the extent the allegations of paragraph 37 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.     To the extent the allegations of paragraph 38 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Nokia admits that information on the face of U.S. Patent No. 7,835,421 ("the '421 patent"), attached to the Complaint as Exhibit A, states that it is titled "Electric Detector Circuit." Nokia admits that the face of the '421 patent bears a filing date of January 22, 1990. Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and therefore denies them.

41.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43.     To the extent the allegations of paragraph 43 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44.     Nokia admits that frequency-hopping spread spectrum and direct-sequence spread spectrum are methods used for transmitting electromagnetic signals. Nokia is without

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45.     To the extent the allegations of paragraph 45 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.     To the extent the allegations of paragraph 47 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.     To the extent the allegations of paragraph 48 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.     To the extent the allegations of paragraph 49 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.     To the extent the allegations of paragraph 50 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.    To the extent the allegations of paragraph 51 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.    To the extent the allegations of paragraph 52 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.    To the extent the allegations of paragraph 53 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.    To the extent the allegations of paragraph 54 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.    To the extent the allegations of paragraph 55 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.     To the extent the allegations of paragraph 56 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,835,421**

57.     Nokia repeats its responses to Paragraphs 1-56 above, as if fully set forth herein.

58.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.     Nokia admits that it has sold the Nokia WiFi Beacon 1, Nokia WiFi Beacon 3, Nokia WiFi Gateway 3,and 7368 ISAM ONT G-240W-B product to customers in the United States and that these products are marketed as being compliant with the IEEE 802.11b and/or IEEE 802.11g wireless standard, but denies the accuracy of any characterization of its products in the allegations of paragraph 59. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59 and therefore denies them.

60.     Nokia acknowledges the figure reproduced in paragraph 60 purports to be taken from a publication identified by Castlemorton as a Nokia WiFi User Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 60 and denies any remaining allegations of paragraph 60.

61.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.     Denied.

63.     Nokia acknowledges the figure reproduced in paragraph 63 purports to be taken from a publication identified by Castlemorton as a Nokia WiFi Gateway 3 (G-240W-E WiFi Gateway) Product Guide, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 63 and denies any remaining allegations of paragraph 63.

64.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies them.

67.     Nokia acknowledges the figure reproduced in paragraph 67 purports to be taken from a publication identified by Castlemorton as a Nokia 7368 ISAM ONT G-240W-B Antennas, Device Teardown Image, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 67 and denies any remaining allegations of paragraph 67.

68.     Nokia acknowledges the figure reproduced in paragraph 68 purports to be taken from a publication identified by Castlemorton as Nokia Wi-Fi Beacon, FCC ID 2ADZRHA020WB – 2.4GHz Test Report No. FR921805AA, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 68 and denies any remaining allegations of paragraph 68.

69.     Nokia acknowledges the figure reproduced in paragraph 69 purports to be taken from a publication identified by Castlemorton as Nokia Wi-Fi Beacon, FCC ID

2ADZRHA020WB – FCC RF Test Report No. FA921805, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 69 and denies any remaining allegations of paragraph 69.

70.    Nokia acknowledges the figure reproduced in paragraph 70 purports to be taken from a publication identified by Castlemorton as Nokia Beacon WLAN Antennas, Device Teardown Image, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 70 and denies any remaining allegations of paragraph 70.

71.    Nokia acknowledges the figure reproduced in paragraph 71 purports to be taken from a publication identified by Castlemorton as Nokia Beacon Circuit Board, Device Teardown Image, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 71 and denies any remaining allegations of paragraph 71.

72.    Nokia acknowledges the figure reproduced in paragraph 72 purports to be taken from a publication identified by Castlemorton as Nokia 7368 ISAM ONT Device, FCC ID 2ADZRG240WG, 2.4 GHz Test Report No. R1807B0070-R1V1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 72 and denies any remaining allegations of paragraph 72.

73.    Nokia acknowledges the figure reproduced in paragraph 73 purports to be taken from a publication identified by Castlemorton as Nokia 7368 ISAM ONT Device, FCC ID 2ADZRG240WG, 2.4 GHz Test Report No. R1807B0070-R1V1, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 73 and denies any remaining allegations of paragraph 73.

74.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.     Nokia acknowledges the figure reproduced in paragraph 75 purports to be taken from a publication identified by Castlemorton as Nokia 7368 ISAM ONT G-240W-B, Device Teardown Image, but Nokia otherwise denies the accuracy of any characterization of its products in the allegations of paragraph 75 and denies any remaining allegations of paragraph 75.

76.     Denied.

77.     To the extent the allegations of paragraph 77 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.     To the extent the allegations of paragraph 78 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.     To the extent the allegations of paragraph 80 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.     To the extent the allegations of paragraph 82 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.     To the extent the allegations of paragraph 86 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies them.

88.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90.     Denied.

91.     To the extent the allegations of paragraph 91 purport to characterize the contents of a written document, that document speaks for itself. Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.     Nokia admits that it has sold the Nokia WiFi Beacon 1, Nokia WiFi Beacon 3, Nokia WiFi Gateway 3, and 7368 ISAM ONT G-240W-B product to customers in the United States and that these products are marketed as being compliant with the IEEE 802.11b and/or IEEE 802.11g wireless standard. Except as expressly admitted, Nokia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 92 and therefore denies them.

93.     Nokia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

## ANSWER TO THE PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Castlemorton's Prayer for Relief, Nokia denies that Castlemorton is entitled to any of the requested relief and denies any allegations of its Prayer for Relief as to Nokia. Nokia further denies each and every allegation in the Complaint to which it has not specifically responded.

## ANSWER TO THE DEMAND FOR JURY TRIAL

This paragraph sets forth Castlemorton's demand for a trial by jury on all issues so triable to which no response is required.

## DEMAND FOR JURY TRIAL

Nokia hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Nokia alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Castlemorton's burden of proof on its affirmative claims against Nokia, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Nokia specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

1. The Accused Products and services do not infringe any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents. Further, Nokia has not performed any act in violation of any rights belonging to Castlemorton.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

2. The claims of the Asserted Patent are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not

limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. As another example, the claims are not eligible for patent because they are directed to ineligible subject matter. Prior art that invalidates the asserted claims will be set forth in Nokia's invalidity contentions, amendments, and proposed amendments thereto.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

3.      Castlemorton is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any Accused Product or service alleged to infringe those patents, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

4.      Castlemorton's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands. Specifically, Castlemorton has alleged that Nokia infringes the '421 patent through its products' adoption of the 802.11 IEEE standard. In Paragraph 59 of its Complaint, Castlemorton alleges that the '421 patent covers key technology which was adopted into the 802.11 standard in the late 1990's. Per Castlemorton's allegations, the patent applicant chose not to seek the removal of '421 patent's secrecy order, despite its several-year statutory lapse during this key time period. Nokia was prejudiced by the patent applicant's delays.

## FIFTH AFFIRMATIVE DEFENSE

### (No Equitable Entitlement to Injunctive Relief)

5.      Castlemorton is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Castlemorton is not immediate or irreparable, Castlemorton has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory Limitations on Damages)

6.      Any claim by Castlemorton for damages is limited by 35 U.S.C. §§ 286 and/ or 287. Castlemorton is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

7.      Castlemorton is not entitled to enhanced damages under 35 U.S.C. § 284 because Castlemorton has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. Castlemorton has failed to state a claim for willful infringement for failing to identify any pre-suit factual basis that Nokia had actual knowledge of or was willfully blind to the Asserted Patent or Nokia's alleged infringement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

8.      Castlemorton's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

**(No Exceptional Case)**

9.     Castlemorton cannot prove that this is an exceptional case justifying an award of attorney's fees against Nokia pursuant to 35 U.S.C. § 285.

## TENTH AFFIRMATIVE DEFENSE

**(Statutory Limitation)**

10.     To the extent certain equipment accused of infringing the Asserted Patent are used by and/or manufactured for the United States Government, Castlemorton's claims involving Nokia with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Acts of Others)**

11.     The claims made in the Complaint are barred, in whole or in part, because Nokia is not liable for the acts of others over whom it has no control.

## TWELFTH AFFIRMATIVE DEFENSE

**(No Causation)**

12.     Castlemorton's claims against Nokia are barred because Castlemorton's damages, if any, were not caused by Nokia.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Patent Misuse)**

13.     Castlemorton's claims are barred, in whole or in part, by the defense of patent misuse.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

14.     Nokia reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Asserted Patent based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Nokia has the burden of proving the matter asserted.

Respectfully submitted, this 30th day of March, 2020.

/s/ John D. Haynes
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile:  (903) 581-2543
ddacus@dacusfirm.com

John D. Haynes
Wesley C. Achey
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777
john.haynes@alston.com
wes.achey@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile:  (212) 210-9444
darlena.subashi@alston.com
*Admitted to practice in Massachusetts and
North Carolina only.

*Counsel for Defendant Nokia of America
Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March, 2020 I electronically filed the foregoing

NOKIA OF AMERICA CORPORATION'S ANSWER with the Clerk of Court using the CM/ECF

system, which will automatically send notification of such filing upon Counsel of Record.


<u>/s/ *John D. Haynes*</u>
John D. Haynes

*Counsel for Defendant Nokia of America
Corporation*